Filed 9/17/20  P. v. McGhee CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEMARIEA JAUREL MCGHEE,<br><br>    Defendant and Appellant. | H046579<br>(Santa Clara County<br>Super. Ct. No. C1755184) |

Defendant Demariea Jaurel McGhee appeals a 16-year sentence imposed after he pleaded guilty to robbery (with a gang enhancement) and active participation in a criminal street gang.  Upon defendant's timely appeal, we appointed counsel to represent him in this court.  Appellate counsel filed a brief stating the case and facts but raising no issues.  We notified defendant of his right to submit written argument on his own behalf, and defendant has not done so.

We have reviewed the entire record to determine if there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 440–441.)  We include here a brief description of the facts and procedural history of the case as well as the conviction and punishment imposed.  (*People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)  Finding no arguable issue, we will affirm the judgment.

## I.    TRIAL COURT PROCEEDINGS

According to an offense summary in the probation report, a restaurant employee parked his car at a bank in the early afternoon to deposit a plastic bag containing $13,000

in cash from the restaurant. As he walked toward the bank, a man grabbed him and tried to rip the bag from his hands. The employee fell to the ground but held onto the bag with both hands. The man dragged the employee to try to gain control of the bag. Another assailant then punched the employee in the face. The bag eventually ripped in half. The two assailants picked up all but $100 of the cash and fled in an SUV.

Though the employee never saw the assailants' faces, eyewitnesses and surveillance footage noted the SUV's license plate number and that there were four or five men in the SUV when it drove away. Police learned the SUV was used by a San Francisco gang called the Oakdale Mob. Police then discovered that an Oakdale Mob member had posted a photo and a video showing him holding a large amount of cash with three other individuals (including defendant). Additional surveillance footage in San Francisco indicated that defendant and three other men got into the SUV in San Francisco the morning of the robbery and got out of a rideshare car in San Francisco the same afternoon. The unoccupied SUV was located parked in Milpitas the same day as the robbery.

Defendant was charged by felony information with two counts: second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)), including an allegation that he committed the robbery for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)(C)); and active participation in a criminal street gang. (Pen. Code, § 186.22, subd. (a); unspecified statutory references are to this Code.) The information also alleged defendant had two prior serious felony convictions (§ 667, subd. (a)) and two prior strike convictions (§ 667, subds. (b)–(i)). (Three codefendants were charged in the same information with the same substantive offenses as defendant.)

As part of a negotiated disposition, defendant pleaded guilty as charged. He admitted the gang enhancement, the two prior strike convictions, and one prior serious felony conviction (the prosecution agreed to move to dismiss the other prior serious felony conviction enhancement). Defendant pleaded "open," but with the understanding

2

that the trial court would consider a *Romero* motion and with the "indicated sentence at this point is that [the court] would not impose a life sentence." (*People v. Superior Court (Romero)* 13 Cal.4th 497.)

The trial court ultimately granted defendant's *Romero* motion in part, deciding to strike one of the two prior strike convictions in the interest of justice. In explaining why it granted the motion only in part, the court noted that while the evidence showed defendant was a valued employee and had been making efforts to emotionally and financially support his children, defendant was nonetheless the perpetrator of a violent crime who committed the present offense only eight months after being released from a previous period in custody.

The trial court initially sentenced defendant to 21 years in prison. Section 1385 was amended after defendant was initially sentenced, giving trial courts discretion to strike a prior serious felony conviction enhancement. (See Stats. 2018, ch. 1013, § 2.) The trial court then recalled the sentence on its own motion (§ 1170, subd. (d)) to hear argument on whether to strike the remaining prior serious felony conviction enhancement in the interest of justice. The trial court decided to strike the remaining prior serious felony conviction enhancement, based in part on the substantially shorter sentences the codefendants had by then received for the same conduct. After striking the remaining prior serious felony conviction enhancement, the trial court sentenced defendant to 16 years in state prison, consisting of: six years for second degree robbery (the middle term, doubled because of the prior strike conviction; §§ 213; 667, subd. (e)(1)); and 10 years for the gang enhancement (§ 186.22, subd. (b)(1)(C)). Punishment for the active gang participation count was stayed (§ 654).

The court imposed a $300 restitution fine (§ 1202.4, subd. (b)(1)) and a suspended $300 parole revocation fine (§ 1202.45); a $10 fine for robbery (§ 1202.5, subd. (a)) plus

$31 in penalty assessments[1]; an $80 court operations assessment (§ 1465.8); a $60 court facilities funding assessment (Gov. Code, § 70373); and a $259.50 criminal justice administration fee (Gov. Code, §§ 29550–29550.3).  The court ordered victim restitution of $12,900.  Defendant received 886 days of presentence custody credit, based on 786 actual days and 100 days' conduct credit (§ 2933.1).

We have reviewed the entire record and find no arguable issue.

## II.    DISPOSITION

The judgment is affirmed.

---

[1] Though not explained in the record, it appears the $31 penalty assessment was determined as follows:  $10 (§ 1464, subd. (a)(l)) plus $2 (§ 1465.7) plus $5 (Gov. Code, § 70372) plus $7 (Gov. Code, § 76000, subd. (a)(l)) plus $2 (Gov. Code, § 76000.5, subd. (a)(1)) plus $1 (Gov. Code, § 76104.6, subd. (a)(1)) plus $4 (Gov. Code, § 76104.7).

_____

Grover, J.

**WE CONCUR:**

_____

Premo, Acting P. J.

_____

Elia, J.

**H046579 -** *The People v. McGhee*